Let's turn our attention to the next case in the calendar, Gupta v. Compunnel software Group, Inc. and Eugene Scalia, 19-1761. I understand that we will be hearing first from Mr. Gupta by remote argument. Mr. Gupta, we see you. Can you hear us?  Mr. Gupta, before you start, you have 10 minutes for oral argument. I understand you would like to reserve two minutes for rebuttal after the other side. Is that right? Correct, Your Honor. Very good. Good morning, Your Honors and may it please the Court. I'm here to challenge the granted summary judgment to H-1B employer Compunnel and the government and denied my motion for partial summary judgment. I do believe that the recent court decision in INA case of Ellucian Capital Partners v. Scalia, that moves the issue because it is dealing with the same issue which I am raising and it is in my favor. That is, employer cannot self-remedy its H-1B violations. But apart from that case, I have got several other arguments which I raised before the district court. But to my surprise, district court did not address those issues. It said that they are interesting objections, but court need not decide because of the alleged private settlement. My issue, my objections started with the jurisdiction of the ANJ as well as the court. Because in INA cases, especially H-1B, the operative document is the labor condition application. This labor condition application is designed to protect the rights of the non-immigrant workers, to protect the rights of American workers and it is given to USCIS and Department of State for approval of H-1B petition and for approval of travel visa. Here, after I succeeded before the ARB in March 2016, Compunnel printed its own terms and conditions. Are these terms and conditions true? I have a question, a simple question. Why isn't your position completely foreclosed by the settlement that occurred? That is really what we are faced with here. You entered into a settlement and after the settlement and the release as part of that, why isn't your claim foreclosed? First thing, that settlement, which is referred to, I have disputed it. I have not submitted any motion to withdraw my claims at the ASJ office. You haven't moved to withdraw your claims, but the district court said that your claims are covered by the settlement agreement that you signed, right? Yeah, but that settlement is a private contract. In INA cases, it is the administrator who is the enforcer of INA regulations. I am a foreign citizen. I cannot release any violator from the consequences of his violations. The consequences of violations are given to the government. Your argument is that even if you sign a settlement agreement, your settlement agreements just don't have the ability to extinguish your claims. Is that right? This issue is not in this case because I have denied signing the agreement. Right, okay, so then that's my other question. You did sign the signature page, but I guess I'm kind of curious about what your actual claim is. Do you claim that they only showed you the settlement agreement? Yeah, I always denied signing any agreement in violation of law. So when I was in that room, the employer told me that just sign it for the claims in India. The money they paid me, they would say that they paid him $28,000, but that money, not even a single dollar is- Okay, so they told you that the settlement agreement only covered your claims in India. Did you not read the agreement? No, I read the agreement. I said, no, I'm not signing this agreement. You're not signing it? Yeah, I told them I'm not signing it. The date that they have asked me to sign, that does not belong to the agreement. So who signed it? I mean, the district court found that you had signed it, so where did that evidence come from of the signature? Yeah, that is the issue which I want to raise in the jurisdiction. That first thing, the district court may not have jurisdiction over this dispute because there is no diversity in jurisdiction. Forget about the jurisdiction. I'm just saying, are you saying that somebody else signed it on your behalf or they forged your signature? No, yeah, that date was signed, but before the settlement negotiation started- You signed that date. It's not just one sign, you signed it. Yes, but it is not notarized. For INA settlement, I had informed the company that we had agreed that any settlement will have to be notarized as well. And so in the case of attested value versus Republic of Argentina, this court rejected- So I'm sorry, you're saying that you read the agreement and you signed it, but because it wasn't notarized, we should say that it doesn't count? No, Your Honor, the settlement, they had sent me the draft earlier. I read it and I had said no to it. My no and declining the settlement is part in the appendix. Even on that day, I did not agree to the settlement. The page they asked me to sign was only to cover issues in India. That's all it was covered. And if they dispute it, they have to allege and prove it. They have not filed any complaint in any court of competent jurisdiction. They can bring that claim if they think that I'm not following the agreement or I'm in breach of the agreement. They have to bring the claim. ALJ and this court did not have jurisdiction of a private contract in an INA case. The INA specifically states that the enforceable wage obligation is the higher of the remaining wage or the actual wage rate. If somebody signs an agreement for $1, just like FLSA, in INA also, these kinds of agreements are not operative. The enforceable wage obligation is set by statute. Seventh Circuit has rejected private agreements. Sixth Circuit has rejected these kinds of private agreements. This court has also rejected it. And you should have the right to private agreements. So now you're saying that even if you signed a settlement agreement, it's just that would violate the statute for a settlement agreement to extinguish your claims. If the INA regulations say that employer can offer more than the required wage. So if they sign any agreement which pays more than the required wage, it might be valid. If it pays less than the wage rate, for example, if they have an agreement not to pay any wages or pay less than the prevailing wage, it is illegal. Because that is the job of DOL, USCIS and Department of State to protect the American public's interest by ensuring that wage rate does not fall below the required wage rate. Under APA, any order, any agreement which is against the law cannot be sustained. Otherwise, why do we have INA? All hundreds of employers with thousands of non-immigrant workers, they will have like hundreds of thousands of agreements for courts to enforce. We have a uniform system that employer will file the LCA. LCA has to be certified by DOL. Then it goes to USCIS. Then it goes to Department of State. I am not. I have provided copies of certified LCA with my appendix. None of the LCA required my signature. I am the beneficiary of those LCA's. Mr. Gupta, are you saying that the settlement agreement is invalid? Yes, your honor. Even if I sign the agreement, it is not in accordance. What did you do with the $28,000 that you received as a result of the settlement agreement? I guess you must have turned it back to the employer. No, they gave it to me for the claims in India. If they want it back, they can make a result. They gave it to you pursuant to the settlement agreement, which you now say is invalid and you kept the money, correct? No, first thing, your honor, under INA, if the employer pays any extra money to the non-immigrant worker, it is not repayable back to him. They have not cited any such case. Neither the government has cited nor the company has cited. So if they pay any money, under INA, it is not refundable. If they have any claim, they can raise the claim. They have not raised any claim with me. They have not raised any demand with me. Mr. Gupta, you have reserved two minutes for rebuttal. Would you like to use any of that time now or would you prefer to save it for after your adversary speaks? Yeah, your honor, I would like to reserve that time. And for other issues, I would rest on my submissions in my briefs. Very good. We'll come back to you shortly. Let's hear from counsel for Compunel. Let's see, we have Mr. is it Chaubey? Chaubey. So Mr. Chaubey, you have five minutes. Yes, your honor. I would also like to reserve one minute for any reply. I'm sorry, we don't do server replies. So you've got five minutes and you can go. Your honor, first and foremost, I want to make clear that Akira and Gupta is alleging some claims in India, which to date, we have not known any claim in India. Every proceeding which started from the group weighted determination to this stage is all in the United States. And my client, Competence Software Group, is doing everything possible in the United States. So these are, I would say, very strongly and frivolous and fabricated afterthought mind that in India there is something. We have not seen any proceeding in India to date. Now they are serving. So this is to say, your honor, that these settlements are a routine policy with IAM and H-1B employees like any other employees. So you're saying it's just not plausible that he would have thought that Compunil was asking him to settle his claims in India as opposed to these claims? No, your honor. So can I ask you a question about that? So I understand that he's making many arguments and you have arguments in response. But if in fact the argument is that he signed the agreement thinking he was releasing only the claims in India, that would be a fraudulent contract, right? That contract itself would be void. So I guess I'm just thinking about this because the district court said, well, if he accepted the money, he ratified it. But if he accepted the money thinking he was releasing claims in India, then that wouldn't really be a ratification of the agreement. Your honor, I would go one step further than why he would need to go before an ANJ in New Jersey, physically be present, and sign before ANJ something. No, I understand. So you're saying that argument doesn't succeed. He would not have thought that he was releasing the claims in India. But because the district court said, even if he was, by accepting the money, it's a ratification. I'm not sure that that argument is right. And I'm wondering if you have something to say about that. There are three aspects to any settlement agreement, Your Honor, which my understanding is. First is negotiation of the agreement. Very clearly, AR-1775 showed us that he went right in and negotiated with the council, saying this is to acknowledge our discretion to set up the litigation as follows. Then Carlton gave a premise that he would reject submission of the AR-1775. No, I understand. So you have this documentation of negotiation. I mean, he even just told us that he read the agreement. I mean, if you read the agreement, is there a way to read it that it's releasing only the claims in India? Your Honor, do you think that... I expected that to be not a difficult question. No, no, Your Honor. What is the second aspect is, after negotiating and providing each and every case detail in that settlement, then the second aspect is approval by the ALJ. ALJ, in her decision, very clearly says the agreement looks very fair and reasonable. So the standard of fair and reasonableness has been adopted in approving. The third aspect is ratification. The third aspect took place after receiving. He even negotiated a day before the decision was made that give me entire money in one go instead of two installments, which compliments the agreement, and provided second day rejects in the total sum of $28,000. He takes the checks, goes to his bank, deposits, and thereafter he comes and says that now I'm resigning the agreement. There is no showing that any offer event or intention to return $28,000. He asserts thereby against his decision that he ratifies. No, I understand. But that was what my question was to you. If, in fact, what he thought he was doing was releasing the claims in India, the fact that he accepted the money in return for that release wouldn't show that he was ratifying a different agreement. Since we don't have a new claim, it is very— No, I understand. So you're saying it's not plausible that that's what he thought. I think I have the argument, yes. He is making each and every decision and the case before AFJ, before ARB, before the Strip Court, that in these cases, I'm going to give up in view of $28,000. Your Honour, despite the ratification, he says that INAH cannot be dissolved or seconded. We have tried to review and we have provided in our brief that there is no statute or regulation which restricts the ability of ANJ to take any settlement, approval, demand, and decide. Thank you, Counsel. I think we have your argument. Unless there are any further questions, I think we'll turn to Mr. Waterman on behalf of the Secretary of Labor. Thank you, Your Honour. Good morning. I'm David Pizzicato, Assistant U.S. Attorney for Andrew Waterman on behalf of the Department of Labor. This case ultimately boils down to the validity of the settlement agreement. And here the ANJ happily would be back to that facially valid settlement agreement that contained an unambiguous release of all of Mr. Rupert's H-1B claims against Compnell. And the ALJ properly dismissed Mr. Rupert's claims. The district court correctly determined that that settlement agreement was valid and enforceable. It contained signatures from both parties and the consideration was exchanged. Compnell paid Mr. Rupert $28,000 and has retained it to date. The district court also correctly determined that that settlement agreement contained an unambiguous release of all claims which Mr. Rupert did not dispute in this report. And the district court also correctly projected all of Mr. Rupert's challenges to the validity of that settlement agreement. This court should affirm that this report is valid. Well, so what about the question that I just asked your colleague about the ratification? So if in fact, I understand you have arguments that this wasn't the case, but if in fact he thought that he was signing an agreement just for the India claims, it wouldn't be ratification if he accepted the money under that belief. That would be a void contract, an avoidable contract, right? Well, as the district court discussed, it would be an avoidable contract in the sense that Mr. Rupert had ultimately realized what he had signed. He had realized what he had signed. Right, to the extent he realized. Yes, right. Yes, he realized that within, I don't know, two or three weeks after he had signed it and when he started to dispute his agreements. If he ratified it, by repositing and retaining the $28,000 as an issue. So you're saying that even if he thought there was something different at the time, it's clear that he, by the time he got the money, he understood what the agreement was. So then would have had the capacity to ratify. Yes, I believe that's correct. And the record demonstrates that there were significant emails back and forth negotiating in terms of this very contract. And that's in the record, the administrative record. There are emails at 1752 to 1777. There are emails there that are for Mr. Gupta pointing out edits to particular paragraphs of that settlement agreement that was ultimately signed. So there's ample evidence in the record to demonstrate Mr. Gupta's knowledge of the settlement agreement, despite his later rejection of that settlement agreement. And I'll also point Congress to a recent summary order of this court from last month in Fontana for Sanchez. It doesn't have the federal appendix yet, but it's 2021 Westlaw 3556932. And there, a litigant had argued that he was subject to duress, fraud, and undue influence of the settlement agreement that he was supposed to release. Notably, that individual, as well, kept the money that was exchanged. And this court ultimately- Right, so but usually there's this distinction between fraud and the inducement and fraud in the factum, right? So like if he's fraudulently induced to sign something, it's void of all, and he could ratify it. But if like the whole thing is fraudulent, if he's signing something, he doesn't know what it is, or he's signing something that he believes it's something else. I don't know, different arguments would apply, right? Sure you are, but here, I don't think there's any evidence in the record to demonstrate that Mr. Gupta didn't know what he was signing. I think there would be- the record and the supports of that decision were concluded. And so because the settlement agreement is valid and enforceable, and Mr. Gupta had released confidential, false, hatred-free claims, it didn't ensure the law judge properly gave effect to that settlement agreement and dismissed those claims. So we've asked this court to confirm Mr. Gupta's decision. Thank you very much, Mr. Waterman. Mr. Gupta, we'll get you back up on the screen. Yes, Your Honor, am I up there? We see you now, perfect. And Mr. Gupta, you have reserved two minutes for a brief rebuttal. Yes, Your Honor, thank you. So a company mentioned that claims in India are not there, but the agreement they drafted, they printed in their office, which is part of the appendix. It mentions release of claims in USA and India. I did negotiate those agreements. And after negotiation, I said, no, I don't agree. Every time if you see my email, it says comply with law. Give me my full wages, which is my right. And they always said, if you see the emails, no. They have administrator's determination. It is also part of the record, ordering them to comply with law. We have investigators negotiation with the agency, ordering them to comply with law. They said, yes, we will comply with law. These all documents are from 2011, final decision of the administrator. And look at that compliance. It is the administrator decision in my favor. When I asked the district court, when I've already succeeded, why are you reducing my remedy? This is the remedy granted to me, the wage rate. So district court says, no, if you appeal the administrator determination, then ALJ and ARP have a right to reduce your remedy. This is contrary to green law versus United States. This court's decision in Kuruwa versus Myers, that if a party appeals his successful decision, that does not mean you take away the remedy, which is already succeeded. Administrator determination clearly says comply with 20 CFR 655 731. Nobody has changed that final determination of the secretary. I appealed only for additional periods of violation. Additional period also, I succeeded when ARB in 2014 granted me full wages. All the ALJ had to do was multiply wage rate with the number of days. District court at that time, Judge Sheera Sheldon ordered the ALJ to issue the decision in 30 days because I had planned that I'm finding so much difficulty. It is close to 15 years. I've not been paid my wages. So district court ordered ALJ issue, give him the order within 30 days. And they never did it. For years, they never did it. If 12,000 was, if 28,000 was reasonable, why took two years for the ALJ at a visit from communal to order it? Out of $28,000, again, I'm saying not a single dollar is expensive wage. Thank you, Mr. Gupta. We thank you very much. You've had your two minutes of rebuttal and a little bit more time. I think we understand your arguments. Thank you very much for appearing today. We will reserve decision on this case as with all of the other cases today.